# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00163-CR

### In re Sylvester Majors

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 925573, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sylvester Majors, acting pro se, appeals the district court's order denying his motion for post-conviction DNA testing. We affirm the order.

Majors is serving the thirty-eight year prison sentence imposed following his conviction for aggravated assault. As described in this Court's opinion affirming the conviction, Majors entered a closed restaurant through the back door and robbed the manager. During the course of the robbery, Majors stabbed the manager in the abdomen and another restaurant employee in the hip. Both victims testified at appellant's trial. The knife was not recovered. *See Majors v. State*, No. 03-93-00239-CR (Tex. App.—Austin Apr. 20, 1994, pet. ref'd) (not designated for publication).

In his motion, Majors sought DNA testing of vomit and blood found on his shirt following his arrest shortly after the robbery, fingerprints found at the restaurant, and the knife. In neither his motion nor his brief to this Court does Majors contend that identity was an issue in this case. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (West 2006). To the contrary, Majors

admits being in the restaurant. He argues, however, that he was intoxicated and ill, and that he left without entering the kitchen where the robbery took place. He contends that DNA testing of the vomit and blood on his shirt would confirm his exculpatory story that he was ill and had cut himself while shaving, DNA testing of the fingerprints would show that he left the restaurant through the front door, and DNA testing of the knife would prove that he never threatened anyone with it.

As previously mentioned, the knife used in the robbery was never recovered, so DNA testing of the weapon is impossible. *See id*. art. 64.03(a)(1)(A)(i). Fingerprint evidence that Majors left the restaurant through the front door, if it exists, would not prove that he did not later reenter through the back door. Similarly, proof that the vomit and blood on Majors's shirt belonged to him would not exculpate him as to the robbery. The district court could reasonably conclude that Majors failed to establish that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See id*. art. 64.03(a)(2)(A).

The order denying DNA testing is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 10, 2007

Do Not Publish